NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELTON JAVIER RUGAMA, AKA Elton Rugama,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   16-70458<br><br>Agency No. A028-876-799<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Elton Javier Rugama, a native and citizen of Nicaragua, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen, and review de novo

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

To the extent Rugama submitted non-cumulative evidence of rehabilitation in support of his motion to reopen, the BIA did not abuse its discretion in denying the motion where he did not establish that the evidence would likely have changed the outcome of his case. *See* 8 C.F.R. § 1003.2(a), (c); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (a motion to open must show that "if proceedings were reopened, the new evidence would likely change the result in the case" (citation omitted)); *Fernandez v. Gonzales*, 439 F.3d 592, 601-03 (9th Cir. 2006). We reject Rugama's contention that the BIA mischaracterized its previous October 1, 2015, decision.

Rugama's contention that the BIA failed to consider relevant evidence is not supported by the record. *See Fernandez*, 439 F.3d at 603 (petitioner did not overcome the presumption that the BIA did review the record); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

16-70458